**DLA PIPER LLP (US)**
Patrick Park (Bar No. 246348)
patrick.park@dlapiper.com
2000 Avenue of the Stars
Los Angeles, California 90067
Tel: (310) 595-3000
Fax: (310) 595-3300

Mark D. Fowler (Bar No. 124235)
mark.fowler@dlapiper.com
Alan Limbach (Bar No. 173059)
alan.limbach@dlapiper.com
Brent Yamashita (Bar No. 206890)
brent.yamashita@dlapiper.com
Carrie L. Williamson (Bar No. 230873)
carrie.williamson@dlapiper.com
2000 University Avenue
East Palo Alto, California 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001

*Attorneys for Defendant*
TOSHIBA SAMSUNG STORAGE
TECHNOLOGY CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| YAMAHA CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION and TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION,<br><br>  Defendants. | CASE NO. 8:13-cv-02018-JAK<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. P. 12(b)(2)]**<br><br>**(Supporting Declaration Filed Concurrently Herewith)**<br><br>Hearing Date: September 8, 2014<br>Time: 8:30 a.m.<br>Courtroom: 750, 7th Floor, Roybal Courthouse<br>Judge: Hon. John A. Kronstadt |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2014, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 750 of Honorable John A. Kronstadt, in the above-titled Court, located at 255 East Temple Street, Los Angeles, California 90012-3332, Defendant Toshiba Samsung Storage Technology Corporation ("TSST-J") will and hereby does move for an Order dismissing it from the above-titled action for lack of personal jurisdiction.

This motion is based on this Notice Of Motion, the attached Memorandum Of Points And Authorities, the Declaration Of Hiroshi Suzuki In Support Of Defendant Toshiba Samsung Storage Technology Corporation's Motion To Dismiss For Lack Of Personal Jurisdiction, filed concurrently herewith, the papers, records, and pleadings on file herein, and such oral and documentary evidence as may be presented to the Court at or before the hearing of the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 30, 2014. Following that conference, counsel for Plaintiff Yamaha Corporation informed counsel for TSST-J that Plaintiff will not consent to this motion.

Dated: June 6, 2014           DLA PIPER LLP (US)

                              By /s/ *Carrie L. Williamson*

                              Mark Fowler
                              Carrie Williamson
                              Attorneys for Defendant
                              TOSHIBA SAMSUNG STORAGE
                              TECHNOLOGY CORPORATION

# **TABLE OF CONTENTS**

**Page**

I. RELEVANT FACTS ...................................................................................... 1

    A. Yamaha Sued TSST-J .......................................................................... 1

    B. TSST-J Has No Connection To California .......................................... 2

II. ARGUMENT ................................................................................................. 3

    A. Applicable Legal Standard ................................................................... 3

    B. TSST-J Is Not Subject To General Jurisdiction In California .............. 5

    C. TSST-J Is Not Subject To Specific Jurisdiction In California ............. 7

III. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998) ........................................................................ 4

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
    689 F.3d 1358 (Fed. Cir. 2012) ........................................................................ 5

*Alsop v. Carolina Custom Prods., Inc.*,
    No. CV 07-212-VAP (JCR), 2007 WL 2441025 (C.D.Cal. June 29, 2007) .... 5, 7

*Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y*,
    No. CV 12–06887 GAF (JCGx), 2013 WL 1685558 (C.D. Cal. Apr. 16, 2013) ............................................................................................................... 3

*Amerigon, Inc. v. W.E.T. Auto. Sys.*,
    No. 2:09-cv-08466-RGK-RC (C.D. Cal. Apr. 5, 2010) .................................... 6

*Autogenomic, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009) .................................................................... 6, 7

*Avocent Huntsville Corp. v. Aten Int'l Co. Ltd.*,
    552 F.3d 1324 (Fed. Cir. 2008) ........................................................................ 5

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ................................................................................ 4, 5, 7

*Elcommerce.com, Inc. v. SAP AG*,
    2014 WL 685622 (Fed. Cir. Feb. 24, 2014) ..................................................... 9

*Graphic Controls Corp. v. Utah Med. Prods., Inc.*,
    149 F.3d 1382 (Fed. Cir. 1998) ........................................................................ 3

*Grober v. Mako Prods.*,
    686 F.3d 1335 (Fed. Cir. 2012) .................................................................... 7, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ..................................................................................... 4-7

# **TABLE OF AUTHORITIES**
# **(continued)**

**Page**

*Hildebrand v. Steck Mfg. Co., Inc.*,
   279 F.3d 1351 (Fed. Cir. 2002) ................................................................. 3,4

*HollyAnne Corp. v. TFT, Inc.*,
   199 F.3d 1304 (Fed. Cir. 1999) .................................................................. 8

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................ 4, 5

*Leighton v. Log Lighter Sales, Inc.*,
   No. 2:07-cv-04254-ABC-RC (C.D. Cal. Feb. 15, 2008) .......................... 6, 7

*Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010) ....................................................................... 3

*New Tech Stainless Steel Prods. Co., Ltd. v. Sun Mfg. Corp.*,
   No. 04-1181-RGK(FMOX), 2004 WL 1773416 (C.D. Cal. July 20, 2004) ........ 3

*Rates Tech. Inc. v. Nortel Networks Corp.*,
   399 F.3d 1302 (Fed. Cir. 2005) .................................................................. 8

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ....................................................................... 4

*Shute v. Carnival Cruise Lines,*,
   897 F.2d 377 (9th Cir. 1990) ....................................................................... 5

*Telcordia Tech., Inc. v. Alcatel S.A.*,
   No. 04-874-GMS, 2005 WL 1268061 (D.Del. May 27, 2005) .................. 6

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
   395 F.3d 1275 (Fed. Cir. 2005) ................................................................... 5

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) .................................................................................... 4

# **TABLE OF AUTHORITIES**
## (continued)

**Page**

**STATUTES**

35 U.S.C. § 271(a) ........................................................................................................ 8

35 U.S.C. § 286(a) ........................................................................................................ 8

Cal. Civ. Proc. Code § 410.10 ...................................................................................... 4

DLA Piper LLP (US)

WEST\248221091.1

-iv-
TSST-J'S NOTICE OF MOT & MOT TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-02018

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Toshiba Samsung Storage Technology Corporation ("TSST-J") files this Memorandum Of Points And Authorities in support of its motion to dismiss the above-captioned action brought by Plaintiff Yamaha Corporation ("Yamaha") for lack of personal jurisdiction.

Yamaha's claims against TSST-J should be dismissed because this Court does not have personal jurisdiction over TSST-J. TSST-J is a Japanese holding company with no operations, employees, or business activities in California or anywhere else in the United States. TSST-J has no connection to California at all, let alone the purposefully-established minimum contacts that California's long-arm statute and the Due Process Clause require for the exercise of personal jurisdiction. TSST-J thus respectfully asks the Court to grant its motion to dismiss Yamaha's complaint.

## I.  RELEVANT FACTS

### A.  Yamaha Sued TSST-J

Yamaha filed its Complaint For Patent Infringement (Doc. 1) on December 31, 2013, against Defendants TSST-J and Toshiba Samsung Storage Technology Korea Corporation ("TSST-K"). In its complaint, Yamaha alleges that TSST-J and TSST-K infringe United States Patent Nos. 4,998,237, 5,003,527, 5,177,720, 5,485,449, 5,502,702, 6,504,806, 6,781,937, 7,492,682, 6,963,525, 6,925,042 and 6,704,269 (collectively, the "Patents-in-Suit"). *See* Doc. 1, ¶¶ 8-18. Yamaha alleges that TSST-J and TSST-K sell and/or offer to sell in the United States, and/or import into the United States, and/or design, manufacture, market and/or support, certain optical disk drives (the "Accused Products") that infringe the Patents-in-Suit. *See, e.g., id.*, ¶¶ 39-41, 46-48, 53-55, 59-61, 66-69, 74-76, 82-84, 90-93, 98-100, 105-107, 111-113. Yamaha alleges both direct and indirect infringement as to certain Patents-in-Suit (*id.*, ¶¶ 39-41, 53-55, 59-61, 66-69, 74-76, 82-84, 90-93, 111-113) and indirect infringement as to the remaining Patents-in-Suit (*id.*, ¶¶ 46-

48, 98-100, 105-107).

Yamaha further alleges that TSST-J and TSST-K "continuously and systematically conduct business in California, including but not necessarily limited to marketing, selling, importing, and delivering the products accused of infringement herein to customers in California." *Id.*, ¶ 6.

### B. TSST-J Has No Connection To California

TSST-J is a corporation organized under the laws of Japan. Declaration of Hiroshi Suzuki in Support of TSST-J's Motion to Dismiss ("Suzuki Decl."), ¶ 2. Its principal place of business is 1-1, Shibaura 1-Chome, Minato-ku, Tokyo 105-8001, Japan. *Id.*, ¶ 3. TSST-J is a holding company and owns more than 50 percent of co-Defendant TSST-K. *Id.*, ¶ 4.

TSST-J does not design, develop, or manufacture any products or services in California, anywhere else in the United States, or anywhere in the world. *Id.*, ¶ 6. Nor does TSST-J advertise, market, sell, offer to sell, trade, import, package, or distribute any products or services in California, anywhere else in the United States, or anywhere in the world. *Id.*, ¶ 7.

In addition, TSST-J:

- has never had any employees, sales representatives, distributors, brokers, wholesalers, agents, or other servants in California;
- has never owned or leased any real or personal property in California;
- has never maintained any inventory of products in California;
- has never maintained any bank accounts in California, and has never borrowed any money from any financial institution in California;
- has never paid taxes or franchise fees in California;
- has never had any office or telephone services or listing in California;
- has never designated anyone in California to accept legal service of process on its behalf;
- has never commenced any legal action or proceeding in California;

- has never been qualified, authorized, or otherwise chartered, registered, or licensed to conduct business in California.

*Id.*, ¶¶ 8-16.

TSST-J has a website, http://www.tsstorage.com, but does not make any products available for purchase over this website. *Id.*, ¶ 17. TSST-J also does not provide warranties or after-purchase service and support to any customers in California or anywhere else in the United States. *Id.*, ¶ 18. TSST-J does not issue any documents bearing TSST-J's logo, business name or contact information to customers in California or anywhere else in the United States. *Id.*, ¶ 19.

## II. ARGUMENT

Yamaha's allegations are inadequate to support this Court's exercise of personal jurisdiction over TSST-J in this action. TSST-J is a foreign holding company organized under the laws of Japan and has no contacts, let alone minimum contacts, with California required to subject it to either general or specific personal jurisdiction. Therefore, the Court should dismiss this action against TSST-J for lack of personal jurisdiction.

### A. Applicable Legal Standard

While Federal Circuit law applies in a patent infringement case to determine whether a court's exercise of jurisdiction over the defendant is proper (*Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002)), the Federal Circuit defers to the relevant court's interpretation of the forum state's long-arm statute. *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998). As the plaintiff, Yamaha bears the burden of demonstrating that jurisdiction is proper. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010); *New Tech Stainless Steel Prods. Co., Ltd. v. Sun Mfg. Corp.*, CV04-1181RGK(FMOX), 2004 WL 1773416, at *1 (C.D. Cal. July 20, 2004). *See also, Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y*, 2013 WL 1685558, at *4 (C.D. Cal. Apr. 16, 2013)("a plaintiff's version of the facts is not taken as true if it is

directly contravened" and "we do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant.").

This Court may exercise jurisdiction over TSST-J if: (1) California's long-arm statute confers jurisdiction; and (2) the exercise of jurisdiction over TSST-J in California comports with the Due Process Clause of the Fifth Amendment. *See Hildebrand*, 279 F.3d at 1354. Because California's long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States" (Cal. Civ. Proc. Code § 410.10), California's long-arm statute is co-extensive with the limits of due process and the "only inquiry is whether or not exercising personal jurisdiction over [TSST-J] in California comports with federal due process." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) ("Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.").

The Due Process Clause prohibits the exercise of jurisdiction over a non-resident defendant unless "the defendant purposefully established 'minimum contacts' in the forum State," (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 , 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)), such that the exercise of jurisdiction does not violate "traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In determining when it is appropriate to "reasonably anticipate" being drawn into litigation in a foreign court, courts have stated that "it is essential in

each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King,* 471 U.S. at 474-75 (citing *Hanson v. Denckla,* 357 U.S. 235 253 (1958).

"A court may exercise personal jurisdiction over a nonresident defendant generally or specifically." *Alsop v. Carolina Custom Prods., Inc.*, 2007 WL 2441025, at *3 (C.D. Cal. June 29, 2007)(citing *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1050 (9th Cir. 1997)); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Here, TSST-J is not subject to either general or specific jurisdiction.

### B. TSST-J Is Not Subject To General Jurisdiction In California

General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. at 414-16; *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012). These contacts must be "so substantial and of such a nature as to justify suit [against the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. This standard is high and "requires that the defendant's contacts be of the sort that approximate physical presence." *Alsop*, 2007 WL 2441025, at *4 (C.D. Cal. June 29, 2007)(internal citation omitted); *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991)(suggesting the level of contact for general jurisdiction must be "quite high"); *Avocent Huntsville Corp. v. Aten Int'l Co. Ltd.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008). Yamaha has not met this burden.

The types of contacts with the forum state that can give rise to general jurisdiction include property ownership, registering to do business in California, designating an agent for service of process in California or having a phone listing, mailing address or a bank account in California. *See* Ex. A to this Motion,

*Amerigon, Inc. v. W.E.T. Auto. Sys.*, No. 2:09-cv-08466-RGK-RC, slip op. at 3 (C.D. Cal. Apr. 5, 2010) (finding no general jurisdiction where defendant has no offices or real estate, is not registered to do business, has no appointed agent for service of process, and has no telephone listings or mailing addresses, in California); Ex. B, *Leighton v. Log Lighter Sales, Inc.*, No. 2:07-cv-04254-ABC-RC, slip op. at 6 (C.D. Cal. Feb. 15, 2008) (stating "plaintiff cannot meet his burden to establish general jurisdiction unless he shows that the defendant's contacts are the type that approximate physical presence," and finding no general jurisdiction where defendant "has no business, property, bank account, or registered agent for service of process in California").

In *Helicopteros*, the Supreme Court held that the forum state did not have jurisdiction over a non-resident defendant where it did not have a place of business in Texas and had never been licensed to do business in the state. *Helicopteros*, 466 U.S. at 416. The Court reached this conclusion despite the fact that the defendant "sen[t] its chief executive officer to Houston for a contract-negotiating session; accept[ed] into its New York bank account checks drawn on a Houston bank; purchas[ed] helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sen[t] personnel to Bell's facilities in Fort Worth for training." *Id.*; *see also Autogenomic, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009) (holding that the defendant's attendance at conferences and meeting with potential customers in California and an agreement with a California company are insufficient for the exercise of general jurisdiction); *Telcordia Tech., Inc. v. Alcatel S.A.*, No. 04-874-GMS, 2005 WL 1268061, at *7 (D. Del. May 27, 2005)(French holding company that does not make, sell, export or import any products into the United States lacked sufficient contacts with the United States to satisfy due process).

TSST-J has no contacts with California, let alone contacts that would rise to the level of "continuous and systematic contacts" with California that would justify

the exercise of jurisdiction over TSST-J. *Helicopteros*, 466 U.S. at 414-16. TSST-J is a holding company that does not do business in California, or anywhere else in the United States. Suzuki Decl., ¶¶ 5-19. TSST-J does not design, develop, or manufacture any products or services in California, anywhere else in the United States, or anywhere in the world. *Id*., ¶ 6. Nor does TSST-J advertise, market, sell, offer to sell, trade, import, package, or distribute any products or services in California, anywhere else in the United States, or anywhere in the world. *Id.*, ¶ 7. TSST-J also has never had offices or employees in California, has never had telephone services in California, has never been registered to do business in California, has never commenced a legal action or proceeding in California, has never maintained any inventory of products in California, has never owned or leased real or personal property in California, and has never paid any taxes or fees in California. *Id*., ¶¶ 8-19. As a result, TSST-J has no approximate physical presence in California, and this Court does not have general jurisdiction over TSST-J. *See Alsop*, 2007 WL 2441025, at *4; *Leighton*, No. 2:07-cv-04254-ABC-RC, slip op. at 6 (finding defendant's three unsolicited sales and maintenance of a website that "merely allows viewers to view brochures and link to other industry participants, and provides [the officer's] email address and the company's contact information" are insufficient for general jurisdiction).

### C. TSST-J Is Not Subject To Specific Jurisdiction In California

This Court also does not have specific jurisdiction over TSST-J. Specific jurisdiction "must be based on activities that arise out of or relate to the case of action." *Autogenomics,* 566 F.3d at 1017; *Burger King*, 471 U.S. at 476. A court may exercise specific jurisdiction only upon satisfaction of a three-part test:

(1) the defendant purposefully directed its activities at residents of the forum;

(2) the claim arises out of or relates to those activities, and

(3) assertion of personal jurisdiction is reasonable and fair.

*Autogenomics*, 566 F.3d at 1018.

Yamaha has the burden of proving the first two prongs. Only if Yamaha meets its burden of proof does the burden shift to TSST-J to show that the exercise of personal jurisdiction is not reasonable and fair. *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012). Yamaha has not met and cannot meet its burden.

Patent infringement occurs when a party "without authority makes, uses, offers to sell or sells any patented invention." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999) (citing 35 U.S.C. § 271(a)). Thus, Yamaha must present some evidence that TSST-J engaged in one of those activities purposefully directed at California with respect to the accused products. *Id.*; *Grober*, 686 F.3d at 1346-47 (finding no specific jurisdiction in a patent infringement case where the defendant never shipped the accused products to California); *see also Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1306 (Fed. Cir. 2005) (affirming dismissal of a foreign holding company for a lack of personal jurisdiction where there was no evidence that the holding company "made, used, sold, or offered to sell the accused products").

TSST-J, as a holding company, is not engaged in any purported acts of infringement under 35 U.S.C. § 271(a) because it does not make, use, offer to sell or sell any products in California, let alone in the United States. Suzuki Decl., ¶ 5. Yamaha alleges that in 2008, TSST-J sold Accused Products to Toshiba America Information Systems, Inc. ("TAIS"), a company located in Irvine, California. Doc. 1, ¶ 23. However, the last time that TSST-J sold *any* product to TAIS was before December 31, 2007. *Id.*, ¶¶ 20-21. As such, those sales are outside the six-year statutory limitations period for the recovery of infringement damages as Yamaha's complaint was filed December 31, 2013. *See* 35 U.S.C. § 286 (limiting recovery for infringement to six years prior to the filing of the complaint). TSST-J did not sell any products to any customer in the United States other than TAIS. *Id*, ¶ 22. TSST-J also did not have any employees, sales representatives, brokers, wholesalers, agents or other servants in California or anywhere in the United States. *Id*, ¶ 23.

TSST-J's sales activity *over* six years ago is irrelevant to the present jurisdictional analysis. *Elcommerce.com, Inc. v. SAP AG*, 2014 WL 685622, at *4 (Fed. Cir. Feb. 24, 2014) ("Jurisdiction is determined at the time the complaint is filed."). TSST-J ceased all such sales activities before December 31, 2007, and TSST-J became a holding company in 2008. *Id.*, ¶¶ 20-21, 24. In addition to all of the factors identified in Section I.B above that detail how TSST-J has no connection to California (*Id.*, ¶¶ 5-19), TSST-J has not issued invoices, purchase orders, or other sale-related documents to customers in California since at least before December 31, 2007. *Id*, ¶ 25. Moreover, since at least before December 31, 2007, TSST-J has not negotiated any business contracts with any individual or entity in California. *Id*, ¶ 26. Thus, TSST-J has not purposefully directed its activities at residents of California in any way arising out of or relating to Yamaha's patent infringement claims. Accordingly, the Due Process Clause does not permit the exercise of specific jurisdiction over TSST-J in this case.

## III.   CONCLUSION

Because TSST-J, a foreign holding company and lacks sufficient contacts with California, there is no personal jurisdiction over TSST-J under the Due Process clause. Accordingly, Yamaha's claims against TSST-J should be dismissed.

Dated:  June 6, 2014

                                            DLA PIPER LLP (US)

                                            By  /s/ *Carrie L. Williamson*
                                                Mark Fowler
                                                Carrie Williamson
                                                Attorneys for Defendant

                                            TOSHIBA SAMSUNG
                                            STORAGE TECHNOLOGY
                                            CORPORATION

## **PROOF OF SERVICE**

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I, Carrie L. Williamson, hereby certify under penalty of perjury under the laws of the United States of America that on June 6, 2014, a true and correct copy of the above document was filed through the court's Case Management/Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case. Any other counsel of record will be served by electronic mail and/or first class mail on the same date.

Dated: June 6, 2014                    By: */s/ Carrie L. Williamson*
                                            Carrie L. Williamson