**DLA PIPER LLP (US)**
Patrick Park (Bar No. 246348)
patrick.park@dlapiper.com
2000 Avenue of the Stars
Los Angeles, California 90067
Tel: (310) 595-3000
Fax: (310) 595-3300

Mark D. Fowler (Bar No. 124235)
mark.fowler@dlapiper.com
Alan Limbach (Bar No. 173059)
alan.limbach@dlapiper.com
Brent Yamashita (Bar No. 206890)
brent.yamashita@dlapiper.com
Carrie L. Williamson (Bar No. 230873)
carrie.williamson@dlapiper.com
2000 University Avenue
East Palo Alto, California 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001

*Attorneys for Defendant*
TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| YAMAHA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION and TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION,<br><br>Defendants. | CASE NO. 8:13-cv-02018-JAK<br><br>**TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION'S REPLY TO YAMAHA'S OPPOSITION TO TSST-J'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date: September 8, 2014<br>Time: 8:30 a.m.<br>Courtroom: 750, 7th Floor, Roybal Courthouse<br>Judge: Hon. John A. Kronstadt |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Yamaha's opposition fails to provide facts that demonstrate that Defendant Toshiba Samsung Storage Technology Corporation ("TSST-J") is subject to this Court's jurisdiction. There is no dispute that TSST-J has not engaged in any activities in the six years prior to the filing of Yamaha's complaint that would subject TSST-J to personal jurisdiction in this Court. Specifically, Yamaha does not contest any of the following critical facts set forth in TSST-J's opening brief:

- TSST-J does not design, develop, or manufacture any products or services in California, anywhere else in the United States, or anywhere in the world. (Declaration of Hiroshi Suzuki in Supp. of Motion to Dismiss ("Suzuki Decl."), Doc. No. 28-3, ¶ 6.)
- TSST-J does not advertise, market, sell, offer to sell, trade, import, package, or distribute any products or services in California, anywhere else in the United States, or anywhere in the world. (*Id*., ¶ 5.)
- TSST-J sold products to just one customer in the United States, Toshiba America Information Systems, Inc. ("TAIS). The last time that TSST-J sold any product to TAIS was before December 31, 2007. (*Id*., ¶¶ 20-21.)

Because Yamaha has not met its burden of proving that TSST-J is subject to personal jurisdiction in California, the Court should dismiss Yamaha's claims against TSST-J.

## II. YAMAHA HAS FAILED TO CARRY ITS BURDEN TO PROVE THAT TSST-J IS SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA.

Yamaha bears the burden of proving that the Court has personal jurisdiction over TSST-J. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 608 (9th Cir. 2010); *New Tech Stainless Steel Prods. Co., Ltd. v. Sun Mfg. Corp.*, CV041181RGK(FMOX), 2004 WL 1773416, at *1 (C.D. Cal. July 20, 2004).

Yamaha's opposition falls short of carrying its burden.

**1. Yamaha concedes TSST-J is not subject to general jurisdiction.**

Yamaha does not dispute TSST-J's showing that TSST-J is not subject to general jurisdiction. Indeed, Yamaha specifically states that "[t]he Court need not address general jurisdiction at this time. . .." Yamaha's Opposition, Doc. No. 40, at 3. Yamaha further states that it "reserves the right to argue that TSST-J is subject to general jurisdiction *to the extent jurisdictional discovery* (requested as an alternative to denial in Section III.E., below) *reveals that TSST-K* acts as TSST-J's agent. . . ." *Id.* In other words, Yamaha concedes that Yamaha presently has no facts to suggest that TSST-J has "continuous and systematic general business contacts" with California. Consequently, TSST-J is not subject to general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

**2. Yamaha has not established that TSST-J is subject to specific jurisdiction.**

The parties agree that a three-part test applies to determine whether a court may exercise specific jurisdiction:

(1) the defendant purposefully directed its activities at residents of the forum;

(2) the claim arises out of or relates to those activities; and

(3) assertion of personal jurisdiction is reasonable and fair.

*Autogenomic, Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1018 (Fed. Cir. 2009.)*; see also* Yamaha's Opp., Doc. No. 40, at 4. However, Yamaha has not met its burden to establish parts (1) and (2) of the test. Only if Yamaha meets its burden of proof does the burden shift to TSST-J to show that the exercise of personal jurisdiction is not reasonable and fair. *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

<u>First</u>, as TSST-J has established via sworn declaration, TSST-J has not directed any activities to residents of California (or the United States) for more than

six years prior to the filing of the complaint.  TSST-J, as a holding company, is not engaged in any purported acts of infringement under 35 U.S.C. § 271(a) because it does not make, use, offer to sell or sell any products in the United States, let alone in California.  (Suzuki Decl., ¶ 5.)  Indeed, TSST-J has not made, used, sold or offered to sell sold *any* products in the United States, let alone in California, since before December 31, 2007.  (*Id*., ¶¶ 20-22; Declaration of Hiroshi Suzuki in Supp. of Reply to Motion to Dismiss, "Reply Suzuki Declaration," ¶ 2.)  Yamaha does not dispute that, at least since before December 31, 2007, TSST-J has not purposefully directed its activities at residents of the forum.

Second, in its complaint, Yamaha specifically accuses the following optical disc drives: SH-116AB/DEBHF; SH-216BB/HPTHF; SN-208AB/TOJF; SH-S243D/BEBE; SE-506BB/TSBD; SE-218CB/RSBS; and SH-224DB/BEBE.  (Doc. No. 1, ¶ 22.)  TSST-J never sold any of these optical disc drives at any time.  (Reply Suzuki Declaration, ¶ 3.)

Third, Yamaha claims that its infringement claims "relate to" TSST-J's activities in California.  However, it is undisputed that TSST-J has not engaged in *any* activity in California for more than six years prior to the filing of the complaint.  As Yamaha recognizes, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."  35 U.S.C. § 286.[1]  While Yamaha asserts that section 286 "is not a true 'statute of limitations' that shields an infringer from liability," that is both incorrect and misses the larger point: "The provision in the patent law that there shall be no recovery for infringements committed more than six years before suit ***is not a mere statute of limitation***.  ***It is a part of the statute which***

---

[1] Yamaha points out that on the day that TSST-J filed this motion to dismiss, the Federal Circuit vacated the decision in *elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490, 496 (Fed. Cir. Feb. 24, 2014).  Yamaha omits the fact that the Federal Circuit vacated the opinion because the parties jointly moved to dismiss the appeal – not because there was any problem with the reasoning in the opinion.  *See elcommerce.com, Inc. v. SAP AG,* 2014 WL 2809121 (Fed. Cir. June 6, 2014).

*creates the liability and gives the right of action. It is a condition on the right, not on the remedy*, and it is not subject to the disabilities or excuses by which ordinary statutes of limitation may be avoided by a plaintiff." *Pollen v. Ford Instrument Co.,* 108 F.2d 762 (2d. Cir. 1940) (emphasis added)(internal citation omitted). In other words, the six year period does not just mark a point in time when damages may begin to accrue; it establishes the point in time when conduct would be actionable.

In the *Pollen* case, the court determined that the plaintiff's infringement claim was limited to two machines that were made and sold by the defendant more than six years before the suit was commenced. *Id.* at 763. There was no proof of any sales later than 1929, and the lawsuit was not filed until 1936. *Id.* at 762. At that time, section 70 of the patent statute, 35 U.S.C.A. § 70, stated "'in any suit or action brought for the infringement of any patent there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint or the issuing of the writ in such suit or action.'" *Id.* at 763. The Second Circuit affirmed the district court's dismissal of the complaint without deciding whether the defendant had infringed the asserted patents more than six years before commencement of suit because section 70 was a statute that extinguished the right of action.[2] *Id.*

Applying *Pollen* to the present case, Yamaha has no "right of action" against TSST-J because it has not engaged in any activity within the six year period prior to the complaint that could be actionable. Consequently, because Yamaha has no right of action against TSST-J, Yamaha's infringement claims could not "arise out of or relate to" TSST-J's activities in California.

---

[2] In *Pollen,* the court also considered whether the six year limitation in section 70 of the patent statute could be extended because of fraudulent concealment of the infringing activity. The court concluded that the six year limitation could not be extended as section 70 was a statute "extinguishing the right of action" whether or not defendants concealed infringement. 108 F.2d at 763.

-4-

Fourth, Yamaha states that "TSST-K stands accused of infringing Yamaha's patents at least in part as a result of continuing sales activity in California that was begun by TSST-J." (Yamaha Opp., at 7.) This contention does not provide a reasonable basis for exercising jurisdiction over TSST-J, and Yamaha cites no legal authority to support its contention. For jurisdictional purposes, it is irrelevant that TSST-J previously sold certain products to one customer while TSST-K (who is a named defendant) later sold other products to another customers.

Fifth, Yamaha speculates that "it is also quite possible that Accused Products imported by or sold by TSST-J just before the six year mark were then re-sold by TAIS within the six-year damages period." (Yamaha Opp. at 7.) Yamaha's speculation cannot provide a basis for jurisdiction over TSST-J. TSST-J established via declaration that with respect to products sold to TAIS, TAIS was at all times the importer of record for goods sold to it by TSST-J. (Suzuki Decl., ¶ 20.) There is therefore no basis for conjecture about what TSST-J imported prior to the six year period. Moreover, TAIS is not a defendant in this case, and TAIS' sales are irrelevant to whether the court can and should exercise jurisdiction over TSST-J. And, again, Yamaha cites no legal authority in support of its contention.

Finally, because Yamaha has not met its burden to show that (1) TSST-J purposely directed activities to California residents and (2) Yamaha's infringement claims arise out of or relate to TSST-J's activities in California, TSST-J does not have the burden to show that the exercise of personal jurisdiction would be unreasonable or unfair. In any case, it would be unreasonable and unfair to subject TSST-J to litigation in this district given that it is undisputed that TSST-J has not engaged in any relevant activity since at least six years prior to the filing of this complaint. Indeed, TSST-J is merely a holding company (Suzuki Decl., ¶ 5) and had no reasonable anticipation of being forced into litigation in California for activities that took place years ago. *See World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 292 (1980).

1   Instead, Yamaha points to two irrelevant reasons why TSST-J should remain a defendant: (1) it allegedly may be difficult to enforce an award against TSST-K and thus TSST-J should be jointly and severally liable; and (2) Yamaha may seek an injunction against TSST-J.  First, Yamaha claims TSST-J should remain in the case because TSST-K is a foreign entity and it may be difficult to enforce a U.S. damages award against *TSST-K* in a foreign country.  (Yamaha Opp., at 8.)  Putting aside the fact that TSST-J also is a foreign entity (and Yamaha would arguably have the same "foreign country" problems about which it claims to be concerned), Yamaha has made no allegations whatsoever that TSST-J should be jointly and severally liable for any damages award for TSST-K.  This argument simply cannot reasonably be used to support exercise of jurisdiction over TSST-J.

Second, Yamaha claims that it is entitled to seek an injunction against TSST-J against any future infringement.  There is no dispute that TSST-J has not engaged in any activity during the six year period prior to the filing of the complaint that would entitle Yamaha to an injunction.  The fact that Yamaha is concerned that TSST-J *might* engage in some kind of allegedly infringing activity *in the future* (when it has not done so for years) is entirely without factual basis, and certainly could not serve as the basis for an injunction, let alone a lawsuit against TSST-J.  Indeed, to be entitled to an injunction against TSST-J, Yamaha must show:

(1) that it has suffered irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Yamaha has failed to allege facts that would suggest that it has been harmed at all by TSST-J, let alone suffered irreparable harm.  In this regard, there is no presumption of irreparable

harm resulting from a finding of infringement, and Yamaha will need to *prove* irreparable harm. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011) ("We take this opportunity to put the question to rest and confirm that *eBay* jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief.") Moreover, five of the eleven patents that Yamaha is asserting against TSST-J have already expired, so Yamaha could not be entitled to an injunction on those patents. Specifically, U.S. Patent No. 4,998,237 expired in April 2008, U.S. Patent No. 5,003,527 expired in November 2008, U.S. Patent No. 5,177,720 expired in February 2010, U.S. Patent No. 5,485,449 expired in May 2013 and U.S. Patent No. 5,502,702 expired August 5, 2014.

### III. JURISDICTIONAL DISCOVERY IS UNWARRANTED.

Yamaha's request for jurisdictional discovery as to TSST-J fails because such discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("An appellate court will not interfere with the trial court's refusal to grant discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant; such a refusal is not an abuse of discretion when it is clear the further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.") In this regard, TSST-J has established, via sworn declaration, that there were no relevant activities in this district in the six years prior to the filing of Yamaha's complaint. (Reply Suzuki Declaration, ¶ 2.) In response to this showing, Yamaha has neither suggested that TSST-J's showing is fraudulent, nor has it pointed to ***any evidence*** that undermines TSST-J's showing.

Yamaha seeks discovery of "TSST-J's activities as an operating company" and whether TSST-J "performed activities that can give rise to infringement within the six year damages period. (Yamaha Opp. at 9.) Similarly, Yamaha seeks discovery regarding "the scope and nature of TSST-J's relationship with TAIS."

However, TSST-J already established via sworn declaration that TSST-J did not sell any products to anyone in California (or in the United States) since before December 31, 2007. (Suzuki Decl., ¶¶ 20-21.) Yamaha cites no evidence to the contrary. As such, there is no basis to conclude that such discovery would demonstrate facts sufficient to constitute a basis for jurisdiction.

In addition, Yamaha purports to seek discovery regarding whether TSST-J "provides ongoing support to residents of California for previously sold Accused Products." (Yamaha's Opp. at 10.) However, TSST-J has already shown that TSST-J does not conduct business in the United States or anywhere else in the world, and Yamaha cannot identify any reason to believe otherwise. (Suzuki Decl., ¶¶ 4-26.)

Finally, Yamaha seeks discovery on whether "TSST-K is or has acted as TSST-J's agent in California," "the organizational structure of TSST-K and TSST-J, any overlap of the executive officers and board members of the two companies, whether TSST-J performs any oversight of any operational functions of TSST-K, whether TSST-J controls TSST-K and any obligations or agreements between TSST-K and TSST-J." (Yamaha Opp. at 10.) However, Yamaha has neither pled nor given any reason to believe that TSST-J has an alter ego or agency relationship with TSST-K. Accordingly, this discovery request is irrelevant to the jurisdictional analysis.

In short, Yamaha seeks to conduct a "fishing expedition" in the hope of constructing a basis for jurisdiction. But Yamaha offers no evidence, let alone any reasonably particular factual allegations, in favor of jurisdiction over TSST-J. Accordingly, this Court should deny Yamaha's request for jurisdictional discovery. *See, e.g., Grober v. Mako Productions, Inc.*, 2008 WL 9027249 at *8 (C.D.Cal. Aug. 29, 2008)(denying request for jurisdictional discovery when the discovery would not reveal a basis for jurisdiction as there was no basis for concluding that additional information would establish a fiduciary duty, as required by agency

1  theory).  Therefore, this Court should deny Yamaha's request for jurisdictional
2  discovery.

### IV. CONCLUSION

For the reasons explained above, TSST-J's motion to dismiss should be granted and the Court should deny Yamaha's request for jurisdictional discovery.

Dated:  August 11, 2014

DLA PIPER LLP (US)

By  /s/ *Carrie L. Williamson*
   Mark Fowler
   Carrie Williamson
   Attorneys for Defendant

   TOSHIBA SAMSUNG
   STORAGE TECHNOLOGY
   CORPORATION

**PROOF OF SERVICE**

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I, Carrie L. Williamson, hereby certify under penalty of perjury under the laws of the United States of America that on August 11, 2014, a true and correct copy of the above document was filed through the court's Case Management/Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case. Any other counsel of record will be served by electronic mail and/or first class mail on the same date.

Dated: August 11, 2014     By: */s/ Carrie L. Williamson*
                               Carrie L. Williamson